IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK G. ANDERSON CONSULTANTS INC.,
730 Eleventh Street, N.W.
Washington, D.C. 20001

    Plaintiff,

v.

BROOKSHIRE ENTERPRISES LLC,
200 Persimmon Way
Forest, VA 24551

Serve: Mr. Scott M. Wheatley
5900 Centreville Road
Suite 303
Centreville, VA 20121

    Defendant.

Case: 1:08-cv-00054
Assigned To : Robertson, James
Assign. Date : 1/11/2008
Description: Contract

## COMPLAINT

COMES NOW Plaintiff, Mark G. Anderson Consultants, Inc., by counsel, and for its Complaint against Defendant Brookshire Enterprises, LLC alleges as follows:

### PARTIES

1. Plaintiff, Mark G. Anderson Consultants, Inc. ("MGAC"), is a corporation organized and existing under the laws of the District of Columbia with its principal place of business in the District of Columbia.

2. Upon information and belief, Defendant, Brookshire Enterprises LLC ("Brookshire"), is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business in Forest, Virginia.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 as there is complete diversity between the Plaintiff and the Defendant and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 because MGAC seeks damages for breach of a settlement agreement that resolved litigation originally filed in this Court seeking monies expended in connection with a contract between the parties. Additionally, venue is proper in this district pursuant to a valid forum selection clause included in the settlement agreement between the parties, out of which this litigation arises.

## GENERAL ALLEGATIONS

5. MGAC and Brookshire entered into a valid contract, described as a Project Management Services Agreement (the "Contract"), effective June 15, 2007, under which MGAC would perform certain professional services for Brookshire in exchange for payment of a lump sum fee plus expenses.

6. MGAC filed suit against Brookshire in this Court on November 1, 2007, alleging a single count of breach of contract against Brookshire for Brookshire's failure to pay MGAC under the terms of the Contract, which case is styled *Mark G. Anderson Consultants, Inc. v. Brookshire Enterprises LLC*, Case No. 1:07-cv-01964-JR (the "District Court Lawsuit").

7. On or about December 11, 2007, MGAC and Brookshire agreed to settle the District Court Lawsuit as per the terms of the settlement agreement executed by the parties on or about December 11, 2007 (the "Settlement Agreement"), attached hereto as <u>Exhibit A</u>.

8. Under the terms of the Settlement Agreement, Brookshire agreed to pay MGAC Two Hundred and Thirty Thousand Dollars ($230,000.00) (the "Settlement Amount"). See Exhibit A, ¶1.

9. Under the terms of the Settlement Agreement, if Brookshire fails to pay the Settlement Amount as per the terms of the Settlement Agreement, Brookshire shall be liable to pay MGAC interest, to be calculated pursuant to 28 U.S.C.A. § 1961. Id. at ¶3.

10. Under the terms of the Settlement Agreement, the parties explicitly reserved the right to institute legal action in order to enforce the terms of the Settlement Agreement. Id. at ¶6.

11. Under the terms of the Settlement Agreement, in the event that MGAC is required to pursue legal action in order to enforce the terms of the Settlement Agreement, MGAC shall be entitled to recover all of the reasonable attorneys' fees incurred as a result of such legal action. Id. at ¶7.

12. Under the terms of the Settlement Agreement, within ten (10) days of the execution of the Settlement Agreement, MGAC was required to dismiss, without prejudice, the District Court Lawsuit. Id. at ¶9.

13. In accordance with the terms of the Settlement Agreement, on or about December 18, 2007, MGAC and Brookshire filed with this Court a Stipulation of Dismissal, dismissing without prejudice the District Court Lawsuit. See Stipulation of Dismissal, Case No. 1:07-cv-01964-JR.

14. Despite its obligation under the Settlement Agreement to do so, Brookshire has failed and refused to make payment to MGAC as required under the terms of the Settlement Agreement.

15. Brookshire has refused to provide assurances, upon request by MGAC, that Brookshire will pay the Settlement Amount as required by the terms of the Settlement Agreement.

16. MGAC has satisfied all conditions precedent to commencing and maintaining the cause of action described herein against Brookshire.

17. Under the terms of the Settlement Agreement, MGAC and Brookshire agreed that venue for any action to enforce the terms of the Settlement Agreement shall be the United States District Court for the District of Columbia.

## COUNT I
### (Breach of Contract)

18. MGAC incorporates herein by reference the allegations contained in paragraphs 1 through 17 above.

19. MGAC and Brookshire agreed to settle the District Court Lawsuit for payment of Two Hundred and Thirty Thousand Dollars ($230,000.00) (the "Settlement Amount").

20. MGAC has performed all of the express and implied obligations its owes to Brookshire under the Settlement Agreement.

21. Pursuant to the terms of the Settlement Agreement, Brookshire had certain express and implied obligations to MGAC. Brookshire failed to perform such express and implied obligations and materially breached and violated the provisions of the Settlement Agreement. Such material breaches and violations by Brookshire include, without limitation, the following:

   (a) Brookshire's failure, without justification, to pay MGAC the Settlement Amount as required under the terms of the Settlement Agreement;

4

    (b)    Brookshire's refusal to provide assurances that it will pay the Settlement Amount to MGAC as required under the terms of the Settlement Agreement, thereby repudiating the Settlement Agreement;

22.    The acts and omissions of Brookshire described in paragraph 21 constitute material breaches of the Settlement Agreement.

23.    As a direct and proximate result of Brookshire's material breaches of the Settlement Agreement, MGAC has incurred damages in excess of $75,000, interest, costs, attorneys' fees and other related damages.

WHEREFORE, MGAC respectfully requests that the Court grant judgment in favor of MGAC and against Brookshire and issue an Order:

1.    awarding MGAC damages in an amount, to be proven at trial, but not less than $230,000.00, plus interest, costs, and other related damages;

2.    awarding MGAC its attorneys' fees as contemplated under the Settlement Agreement; and

3.    granting such other relief as the Court deems just and equitable.

Dated: January 11, 2008

Respectfully submitted,

Mark A. Sgarlata (Bar No. 418557)
Alexander N. Lamme (Bar No. 472961)
WATT, TIEDER, HOFFAR
  & FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000 (phone)
(703) 893-8039 (facsimile)

*Counsel for Plaintiff*
*Mark G. Anderson Consultants, Inc.*

# EXHIBIT A

Case 1:08-cv-00054-JR   Document 1   Filed 01/11/2008   Page 6 of 14

EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into this 11th day of December 2007 (the "Effective Date"), by and between Mark G. Anderson Consultants, Inc. ("MGAC") and Brookshire Enterprises LLC ("Brookshire") (collectively referred to as the "Parties").

### RECITATIONS

WHEREAS, on or about June 15, 2007, MGAC and Brookshire entered into a written contract, described as a Project Management Services Agreement, (hereinafter the "Contract"), for MGAC's performance of professional services in connection with Brookshire's construction of a DHS data center in Clarksville, Virginia (hereinafter the "Project"); and

WHEREAS, pursuant to the Contract, MGAC was to perform independent consulting services in connection with the Project for and on behalf of Brookshire in accordance with the terms and conditions of the Contract; and

WHEREAS, the term of the Contract was from June 15, 2007 to July 30, 2007.

WHEREAS, pursuant to the Contract, MGAC was to be paid Two Hundred Forty Three Thousand, Seven Hundred and Fifty Dollars ($243,750.00) (the "Fee") on a lump sum basis; and

WHEREAS, pursuant to the Contract, in addition to the Fee, MGAC was entitled to reimbursement for certain additional expenses incurred by MGAC ("Reimbursable Expenses"); and

WHEREAS, MGAC alleges that it has not been paid the entire Contract amount and/or the total value of the Reimbursable Expenses; and

WHEREAS, MGAC filed a lawsuit in the United States District Court for the District of Columbia seeking payment of monies it alleged are due under the Contract, in addition to attorneys'

1

fees and interest, which case is styled *Mark G. Anderson Consultants, Inc. v. Brookshire Enterprises LLC*, Case No. 1:07-cv-01964-JR (the "District Court Lawsuit"); and

WHEREAS, without admitting liability, the Parties to this Agreement are desirous of settling and compromising the disputes between them.

### AGREEMENT

NOW THEREFORE, for the consideration and mutual promises set forth herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1. <u>Payments to MGAC.</u>    Brookshire shall pay MGAC a total of Two Hundred and Thirty Thousand Dollars ($230,000.00) (the "Settlement Amount"). The Settlement Amount may only be adjusted pursuant to Brookshire's satisfaction of the terms of Paragraph 2 of this Agreement, or by written agreement executed by both Parties. The Settlement Amount shall be paid by Brookshire in equal monthly payments ("Monthly Payments") as follows:

    a.    $28,750 on or before December 31, 2007;

    b.    $28,750 on or before January 31, 2008;

    c.    $28,750 on or before February 29, 2008;

    d.    $28,750 on or before March 31, 2008;

    e.    $28,750 on or before April 30, 2008;

    f.    $28,750 on or before May 31, 2008;

    g.    $28,750 on or before June 30, 2008; and

    h.    $28,750 on or before July 31, 2008.

2.Brookshire may elect to make payments to MGAC in excess of those required in Paragraph 1 above; however, no payment in excess of the required Monthly Payment shall relieve Brookshire of its obligation to continue to make Monthly Payments in the amounts required as per Paragraph 1, except that, in the event that the total payments made by Brookshire as of the dates identified in Column A, "Date," of the chart below add up to the corresponding Total Payment Amount identified in Column B of the chart below, Brookshire shall not be obliged to make further payments to MGAC, and the Settlement Amount will be adjusted to the appropriate Total Payment Amount and shall be deemed to have been satisfied in full.

| Column A<br>Date | Column B<br>Total Payment Amount |
|---|---|
| December 31, 2007 | $210,000 |
| January 31, 2008 | $212,500 |
| February 29, 2008 | $215,000 |
| March 31, 2008 | $217,500 |
| April 30, 2008 | $220,000 |
| May 31, 2008 | $223,333 |
| June 30, 2008 | $226,666 |
| July 31, 2008 | $230,000 |

3.Interest.If Brookshire fails to make a Monthly Payment, or a portion of a Monthly Payment, on time as per the payment schedule identified in Paragraph 1 of this Agreement, Brookshire shall be liable to pay MGAC interest on the untimely payment, to be calculated pursuant to 28 U.S.C.A. § 1961, using the interest rate in effect on the fifth day after the scheduled due date for that payment.

3

4. <u>Release by MGAC.</u> Except for the obligations created or preserved by this Agreement, at the time that the Settlement Amount is paid in full, determined by the date that the check constituting the final payment has cleared (funds have been collected and are available for distribution), MGAC, for itself and its subsidiaries, agents, successors and assigns, hereby releases and forever discharges Brookshire, as well as their respective officers, shareholders, agents, representatives, successors, assigns, counsel, special counsel, insurers, and sureties, from any and all claims, demands, liens, causes of action, obligations, damages, and liabilities of any nature whatsoever, including without limitation all claims based upon or related to, in whole or in part, the Project, the Contract and/or the District Court Lawsuit.

5. <u>Release by Brookshire.</u> Except for the obligations created or preserved by this Agreement, Brookshire, for itself and its subsidiaries, agents, successors and assigns, hereby release and forever discharge MGAC, as well as its officers, shareholders, agents, representatives, successors, assigns, counsel, special counsel, insurers and sureties, from any and all claims, demands, liens, causes of action, obligations, damages, and liabilities of any nature whatsoever, including without limitation all claims based upon or related to, in whole or in part, the Project, the Contract and/or the District Court Lawsuit.

6. <u>Obligations and Liabilities Not Released.</u> Nothing in this Agreement is intended to, nor shall it be construed or deemed to, abrogate or result in release or waiver of the Parties' rights to institute legal action in order to enforce the terms of this Agreement, or to recover interest for untimely Monthly Payments, or portions of Monthly Payments, as per Paragraph 3 of this Agreement.

7. <u>Attorneys' Fees.</u> The Parties shall be responsible for their own attorneys' fees incurred up to the Effective Date of this Agreement. In the event that either of the Parties is required to pursue legal action in order to enforce the terms of this Agreement, the prevailing Party shall be entitled to recover all of the reasonable attorneys' fees incurred as a result of such legal action.

8. <u>No Actions Filed by Brookshire.</u> Brookshire represents and warrants that it has not filed any arbitration, action, lien or lawsuit against MGAC or any of MGAC's officers, shareholders, agents, representatives, successors, assigns, counsel, insurers or sureties, with respect to any claims arising from the Project or the Contract. Brookshire further represents and warrants that it will not file any such arbitration, action, lien or lawsuit against MGAC or any of MGAC's officers, shareholders, agents, representatives, successors, assigns, counsel, insurers or sureties related to the Project or the Contract, except to the extent that enforcement of the terms of this Settlement Agreement becomes necessary, and further represents and warrants that it has made no assignment or transfer of all or any part of its rights, interests and/or claims arising out of the Project, the Contract and/or the District Court Lawsuit.

9. <u>Discharge of the Litigation.</u> Within ten (10) business days of the execution of this Agreement by the Parties, MGAC shall dismiss, without prejudice, the District Court Lawsuit, at no additional cost to MGAC or Brookshire. MGAC represents and warrants that, during the time period of timely payments by Brookshire of the Settlement Amount, MGAC will not file any arbitration, action, lien or lawsuit against Brookshire or any of Brookshire's officers, shareholders, agents, representatives, successors, assigns, counsel, special counsel, insurers or sureties related to the Project or the Contract, except to the extent that enforcement of the terms of this Settlement Agreement becomes necessary, and MGAC further represents and warrant that it has made no

assignment or transfer of all or any part of its rights, interests and/or claims arising out of the Project or the Contract.

10. <u>Successors and Assigns</u>. The terms of this Agreement shall be binding upon and fully enforceable against the successors and assigns of all Parties to this Agreement.

11. <u>Governing Law</u>. The interpretation and construction of this Agreement shall be governed by the laws of the District of Columbia.

12. <u>Venue.</u> The venue of any action to enforce the terms of this Agreement shall be the United States District Court for the District of Columbia.

13. <u>Waiver of Right to Trial by Jury.</u> The Parties hereby waive the right to a trial by jury for any action to enforce this Agreement.

14. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and may only be modified by a writing signed by all Parties hereto.

15. <u>Representation of Authority to Settle</u>. Each of the individuals signing this Agreement represent and affirm that he or she has the requisite authority to execute this Agreement on behalf of the individual or entity for whom he or she is signing this Agreement.

16. <u>Severability</u>. If any provision of this Agreement is determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remaining provisions shall not be affected thereby and shall remain in full force and effect.

17. <u>Counterparts</u>. This Agreement may be executed and exchanged in separate counterparts, by facsimile. If so executed and exchanged, each executed counterpart shall be treated as an original and shall be enforceable as if signed by all Parties. The Parties will thereafter promptly exchange fully executed originals for record purposes.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed with their hand and seal.

| **Mark G. Anderson Consultants, Inc.** | **Brookshire Enterprises, LLC** |
|---|---|
| Signature: _/s/ Mark G. Anderson_ | Signature: _____ |
| Name: _Mark G Anderson_ | Name: _____ |
| Title: _President_ | Title: _____ |
| Dated: _11 December 2007_ | Dated: _____ |

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed with their hand and seal.

| **Mark G. Anderson Consultants, Inc.** | **Brookshire Enterprises, LLC** |
|---|---|
| Signature: _____ | Signature: *Richard Smissen* |
| Name: _____ | Name: *Richard Smissen* |
| Title: _____ | Title: *CEO/management* |
| Dated: _____ | Dated: *12/10/07* |

7

## I (a) PLAINTIFFS

Mark G. Anderson Consultants, Inc.

## DEFENDANTS

Brookshire Enterprises, LLC

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mark A. Sgarlata
Alexander N. Lamme
Watt, Tieder, Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102

ATTORNEYS (IF KNOWN)

Anthony Monioudis, Esq.
Woods Rogers, P.L.C.
341 Main Street, Suite 302
Danville, VA 24541

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ● 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⊙ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

## V. ORIGIN

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Breach of contract action for failure to pay under terms of a settlement agreement. 28 USC 1332

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 230,000.00    Check YES only if demanded in compl: JURY DEMAND: YES ☐  NO ☒

## VIII. RELATED CASE(S) IF ANY

(See instruction)  YES ☒  NO ☐  If yes, please complete related case form.

DATE 01/11/2008    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.